**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| CHRIST A. TSETSE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00162-TWP-TAB |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on Petitioner Christ Tsetse's ("Mr. Tsetse") *pro se* Petition for a Writ of Habeas Corpus, (Dkt. 1), challenging a prison disciplinary proceeding identified as WCC 19-02-0069. For the reasons explained in this Entry, Mr. Tsetse's habeas petition must be **denied**.

**I.      OVERVIEW**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours' advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.      THE DISCIPLINARY PROCEEDING

On February 7, 2019, Officer K. Kutch prepared a Report of Conduct charging Mr. Tsetse

with B-220, unauthorized financial transaction, in case WCC 19-02-0069:

> On 2-7-19 at approx. 11:00 AM, I officer Kutch was conducting a shakedown on
> offender Tsetse, Christ #966972 assigned bed area P2- S4-1u when I found four
> notes talking about money transactions and drugs.

(Dkt. 9-1.)

The offense "Conspiracy/Trafficking" and the code number "111/113", " were written on

the Report of Conduct and then marked out, and the offense "Unauth. Finan. Trans." and code

number "220", were written in.  *Id*.  A photograph of the notes was sent to internal investigations.

(Dkt. 9-2.)

After an initial hearing on February 13, 2019, Mr. Tsetse was found guilty of engaging in

an unauthorized financial transaction, 220.  (Dkt. 11-1 at 3.)  Mr. Tsetse appealed to the Warden

and to the Central Office.  Both appeals were denied on March 6, and July 22, 2019, respectively.

(Dkt. 5-1 at 7-8.)  After both appeals were resolved, Mr. Tsetse wrote another letter arguing that

he was denied sufficient notice of the charge.  It was then determined that the matter should be

reheard.  (Dkts. 11-2, 11-3.)

On August 16, 2019, a screening officer notified Mr. Tsetse that he was being charged with

offense 111/113, Conspiracy to Traffic, and provided him with a copy of the Report of Conduct

and a copy of the Notice of Disciplinary Hearing (Screening Report) (Dkt. 9-3).  Mr. Tsetse pled

not guilty and requested a lay advocate, who was later appointed. *Id.*  Mr. Tsetse did not request

any evidence or witnesses.  *Id.*

 After one postponement, on August 23, 2019, hearing officer Napper held a hearing.  (Dkt.

9-6.)  Mr. Tsetse pleaded not guilty and stated, "It wasn't mine it was found in my bunkie[']s bunk

area." *Id.* The hearing officer found Mr. Tsetse guilty of offense 111/113, stating "Ofd. Tsetse requested video. No video was requested originally so it was not retained. Evidence supports a 111/113. Ofd. DID NOT request any witnesses." *Id.* (Emphasis in original.)  The hearing officer sanctioned Mr. Tsetse to a 30-day loss of telephone and commissary privileges (already served), a 180-day loss of good-time credit, and a one-step demotion in credit class.  *Id.*

Mr. Tsetse's appeals to the Warden and to the Appeal Review Officer were denied.  (Dkt. 9-7 at 4; Dkt. 9-8.)

### III.   ANALYSIS

Mr. Tsetse alleges that his due process rights were violated in the disciplinary proceeding. His claims are: (1) the conduct does not meet the grounds for conspiracy to traffic; (2) the offense was upgraded on rehearing in violation of Indiana Department of Correction ("IDOC") policy; (3) he was denied witnesses and evidence; (4) there are no initials on changes made to the conduct report or disciplinary hearing paperwork; (5) he was not given 24 hours to prepare for the rehearing; (6) the hearing was not held in a timely manner; and (7) there should not have been any rehearing because both appeals were denied.  (Dkt. 1 at 5–9.)

On rehearing, Mr. Tsetse was found guilty of offense A-111/113, conspiracy to traffic.  An offender violates Code A-111 by "[a]ttempting by one's self or with another person or conspiring or aiding and abetting with another person to commit any Class A Offense."  (Dkt. 9-9 at 2.)  The Disciplinary Code for Adult Offenders has defined conspiracy as "[t]wo (2) or more offenders or other persons planning or agreeing to commit acts which are prohibited by Department or facility rule, procedure or directive."  (Dkt. 9-10 at 3.)  Offense 113, trafficking prohibits "[g]iving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person;  or receiving, buying, trading, or transferring;  or in any other manner moving an

unauthorized physical object from another person without the prior authorization of the facility warden or designee."  (Dkt. 9-9 at 2.)

The Report of Conduct states that notes were found in Mr. Tsetse's bed area, containing information about money transactions and drugs.  (Dkt. 9-1.)  In the first few lines of one of the notes, it states, "$500 for 8 strippers" (code for suboxone), and another note states, "my mom just said she already sent the money."  (Dkt. 9-2.)

Mr. Tsetse first challenges the sufficiency of the evidence when he argues that the conduct did not meet the definition of conspiracy to traffic.  He contends that the notes discuss transactions between one inmate to another, which is not prohibited by the definition of trafficking.  Although the Respondent argues that Mr. Tsetse did not raise this claim on appeal, the Court finds it more efficient to consider this claim on the merits.  *See Washington v. Boughton,* 884 F.3d 692, 698 (7th Cir. 2018).

The evidentiary standard for disciplinary habeas claims – some evidence – is very low. "The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Eichwedel v. Chandler,* 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted); *see also Ellison,* 820 F.3d at 274 ("a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary.");  *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-56)).  The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard.  *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).  The conduct report "alone" can "provide[] 'some evidence' for the . . . decision."  *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

4

Here, the Report of Conduct and the notes provide some evidence that Mr. Tsetse and another inmate were attempting to make a financial transaction involving drugs/contraband ("strippers"). There was sufficient evidence to support the charge of conspiracy to traffic.

Several of Mr. Tsetse's claims are based on alleged violations of IDOC policy. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the ones at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import – and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). Mr. Tsetse's claims that the offense was upgraded on rehearing, there were no initials on changes made to paperwork, the hearing was not held in a timely manner, and there should not have been a rehearing, are all based on IDOC policy and are not cognizable in this action.

Next, Mr. Tsetse argues that he was denied evidence and witnesses. The Court shall also consider this claim on the merits rather than on procedural default grounds, as urged by the Respondent. Mr. Tsetse contends that he was denied video evidence, but the hearing officer

explained that because video evidence was not requested at the first hearing, it was no longer available. (Dkt. 9-6.) Inmates are not entitled to evidence that does not exist. *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017) ("Prison administrators are not obligated to create favorable evidence or produce evidence they do not have.").

The hearing officer also noted that Mr. Tsetse did not request any witnesses. (Dkt. 9-6.) In his Petition, Mr. Tsetse does not identify who he wanted to testify and what they would have said. Dkt. 1 at 7. "[P]rocedural due process require[s] prison officials to disclose all material exculpatory evidence" to the petitioner in a disciplinary case. *Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011). "Evidence is exculpatory if it undermines or contradicts the finding of guilt, and it is material if disclosing it creates a reasonable probability of a different result." *Keller v. Cross,* 603 F. App'x 488, 490 (7th Cir. Feb. 11, 2015) (internal citations omitted). Mr. Tsetse has not alleged that any witness testimony would have contradicted the finding of guilt. In addition, without a showing of prejudice, any due process error is harmless. *Jones,* 37 F.3d at 846-47. Therefore, this claim must fail.

Mr. Tsetse's final claim is that he was denied 24 hours' notice of the rehearing. A prisoner has a right to 24 hours' notice of the charges against him "in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citing *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)).

Mr. Tsetse was screened on the charge of offense A-111/113, conspiracy to traffic, on August 16, 2019. (Dkt. 9-3.) This was more than 24 hours before the rehearing was conducted

on August 23, 2019.  (Dkt. 9-6.)  Mr. Tsetse was given a copy of the Report of Conduct, which informed him of the facts underlying the charge.  He was given sufficient notice of the charge.

In sum, Mr. Tsetse was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered.  There was sufficient evidence in the record to support the finding of guilt.  Under these circumstances, there were no violations of Mr. Tsetse's due process rights.

## IV.   CONCLUSION

For the above reasons, Mr. Tsetse is not entitled to the relief he seeks.  His Petition for a Writ of Habeas Corpus must be **DENIED** and the action **dismissed**.  Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date:  12/10/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christ A. Tsetse, #966972
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, Indiana  46064

Abigail Recker
INDIANA ATTORNEY GENERAL'S OFFICE
abigail.recker@atg.in.gov